

IN THE
TENTH COURT OF APPEALS

No. 10-10-00427-CR

PAUL KEITH STRUCKMAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2009-580-C2

MEMORANDUM OPINION

Paul Keith Struckman was convicted of Continuous Sexual Abuse of a Child and sentenced to life in prison; Indecency with a Child and sentenced to 20 years in prison; and three counts of Aggravated Sexual Assault of a Child for which he was sentenced to life in prison for each count. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11, 22.021 (West 2011). The sentences were ordered to run consecutively. Struckman brings five issues on appeal. Because there is no error in the jury charge, the trial court did not err in allowing extraneous offense testimony into evidence, and the disproportionate sentencing complaint was not preserved, the trial court's judgments are affirmed.

## BACKGROUND

According to H.S., Struckman began sexually assaulting her when she was two or three years old. At the time of trial, H.S. was seven. H.S. is Struckman's daughter. She made an outcry at school after her teacher noticed H.S. behaving inappropriately.

## JURY CHARGE

Struckman first contends that the trial court erred in failing to instruct the jury that they could only consider conduct occurring after September 1, 2007 in determining whether Struckman was guilty of continuous sexual abuse of a child. Struckman argues that the standard instruction that was included enabled the jury to consider conduct that occurred prior to September 1, 2007. Struckman did not object to the charge.

A person commits the offense of continuous sexual abuse of a young child if, during a time period of thirty or more days, that person commits two or more acts of sexual abuse against a child. TEX. PENAL CODE ANN. § 21.02(b)(1). This offense became effective September 1, 2007, and does not apply to an offense committed before that date. Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148; *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. filed). An offense is committed before the effective date of the statute if any element of the offense occurs before that date. *Id*. Further, a jury charge is erroneous if it presents the jury with a much broader chronological perimeter than is permitted by law. *Taylor v. State*, 332 S.W.3d 483, 488 (Tex. Crim. App. 2011)

We first decide whether the jury charge was erroneous. Struckman complains about the following language in the charge.

You are further charged that it is the law in this case that the State is not bound to prove the exact date alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the filing of the indictment.

Struckman relies on the Austin Court of Appeals' opinion in *Martin* and the Court of Criminal Appeals' opinion in *Taylor* for the proposition that the charge in this case was erroneous. In *Martin*, the defendant was charged with continuous sexual abuse of a child. The jury charge contained an instruction similar to the one in this case. In the application paragraph, the time frame was not limited to offenses occurring after September 1, 2007. The court of appeals held "there was nothing in the court's charge that limited the instruction regarding the nonbinding nature of the alleged dates to specifically require the jurors to find that the period of continuous sexual abuse began on or after September 1, 2007, or that otherwise directed the jurors not to convict appellant under count one based on a finding of sexually abusive conduct prior to September 1, 2007." *Martin*, 335 S.W.3d at 874-875. The charge, therefore, was erroneous.

In *Taylor*, the defendant was charged with aggravated sexual assault. The complainant testified to sexually assaultive conduct committed by the defendant both before and after the defendant's seventeenth birthday. *Taylor*, 332 S.W.3d at 485. Although the indictments alleged that the offenses were committed on dates that followed the defendant's seventeenth birthday, the court's charge instructed the jurors that the State was not bound by the specific dates alleged and that they could convict the defendant if the offenses were committed at any time within the period of

limitations. *Id*. at 487-488. Further, the jurors were not told that the defendant could not be convicted for conduct committed before his seventeenth birthday. *Id*. at 486. The Court of Criminal Appeals held that the absence of the instruction, "combined with the evidence of Appellant's conduct as a juvenile and the instruction that the jurors did receive—that 'a conviction may be had' for any offense committed before the victim's twenty-eighth birthday—ultimately resulted in inaccurate charges that omitted an important portion of the law applicable to the case." *Taylor*, 332 S.W.3d at 489.

In both *Martin* and *Taylor* there was nothing else in the charge that would limit the chronological perimeter of what the jury could consider. In this charge, there was. On the page after the instruction regarding the nonbinding nature of the alleged dates of the offenses, the trial court instructed the jury as follows:

> To prove the offense alleged in the indictment in Count I [Continuous Sexual Abuse of a Child], the State has elected to proceed on the alleged events that occurred after September 1, 2007, and prior to the date of the indictment, if they did, in Lorena, McLennan County, Texas, in which the Defendant, Paul Keith Struckman, allegedly committed the offense, if any.

Although maybe not the best way to limit the chronological perimeter in these types of cases, this instruction does have the desired effect: that the jury not consider any offense that occurred prior to September 1, 2007. And, considering that other offenses were included within that charge, the trial court's instruction regarding the nonbinding nature of the alleged dates of the offenses was necessary. Accordingly, the trial court did not err in its charge to the jury. Struckman's first issue is overruled.

In three issues, Struckman complains about the admission of extraneous offense evidence. A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld. *De La Paz*, 279 S.W.3d at 343-44; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on rh'g).

Struckman contends in his second issue that the trial court erred in allowing the introduction of the testimony of another child, P.T., who had a sexual encounter with and initiated by Struckman. Struckman objected, but the trial court allowed the child's testimony.[1]

### Rule 404(b)

Evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). But that type of evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *De La Paz v. State*, 279 S.W.3d at 342-43 (quoting Rule 404(b)). The exceptions listed under Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *Id*. at 343. The issue does not necessarily turn on the type of defense

---

[1] Trial counsel's objection could have been a little more clear about whether it was made pursuant to Rule 404(b).

presented, but on whether the extraneous-offense evidence has noncharacter-conformity relevance by, for example, rebutting a defensive theory or making less probable defensive evidence that undermines an elemental fact. *Bass v. State*, 270 S.W.3d 557, 563 n. 8 (Tex. Crim. App. 2008).

At trial, the State offered P.T.'s testimony to rebut a defensive theory pursuant to *Bass v. State*. *Id*. In *Bass*, the defensive theory was fabrication. In such a situation, the extraneous misconduct must be at least similar to the charged one and an instance in which the motive does not apply. *See Wheeler v. State*, 67 S.W.3d 879, 888 n. 22 (Tex. Crim. App. 2002). On appeal, Struckman argues that the extraneous offense is not similar enough to the charged offense to be admissible.

P.T., nine years old at the time of the trial, stated that Struckman used to be a friend of her parents. One night, Struckman had come over to P.T.'s house and hung out with her parents and a few other people. P.T. was sleeping in her bedroom with her sister when she awoke to her hand being placed on Struckman's "private." She noticed that her pants and panties were down on her knees. She took her hand off Struckman's private and pulled her pants up. Struckman again placed P.T.'s hand on his private and pulled down her pants. P.T. stated that Struckman did that twice before he got tired of P.T. pulling up her pants and he moved on to P.T.'s sister. P.T. also stated that Struckman touched her private once during the incident and rubbed his finger on it.

In the charged offense, H.S. was seven years old at the time of the trial. She testified that Struckman would rub her private with his hand. She stated that Struckman would also poke his finger inside her and would lick her private. She also

stated that sometimes he would make her get on top of him and he would poke inside her with his private. This would happen in her room at night at her grandparent's house, on a sleeper sofa at one of Struckman's residences, or on a bed at another of Struckman's residences.

Although the facts of the extraneous offense are not exactly the same as the facts of the charged offenses, they are sufficiently similar. Both victims were young girls, both had their privates rubbed by Struckman's hand or finger, and both offenses occurred while the victims were in bed. Accordingly, the trial court did not abuse its discretion in admitting the extraneous offense, and Struckman's second issue is overruled.

### Rule 403

Next, Struckman argues that even if the extraneous offense was admissible, the probative value of the evidence was exceeded by its prejudicial effect. He contends that only one balancing factor, the time it takes to develop the testimony, weighs in favor of admission of the evidence.

Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. A trial court is given very substantial discretion in balancing probative value on the one hand and unfair prejudice on the other; and the trial court should not be reversed simply because an

appellate court believes it would have decided the matter differently. *Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-642 (Tex. Crim. App. 2006).

From the beginning of trial, Struckman advanced his theories of revenge, fabrication, and lack of opportunity. Evidence of similar sexual conduct with another young girl tends to make Struckman's theories much less probable, and the State had no other evidence to rebut his theories. The evidence did not have a tendency to distract or confuse the jury from the main issues, nor did it have the tendency to be given undue weight by the jury. Given the limiting instruction in the charge, the jury was equipped to evaluate the probative force of the evidence. Lastly, the testimony presenting the evidence did not take much time to develop. Accordingly, the trial court did not abuse its discretion in determining that the probative value of the evidence was not

substantially outweighed by the danger of unfair prejudice. Struckman's third issue is overruled.

### *Additional extraneous evidence*

Struckman also complains that the trial court erred in allowing the State to introduce evidence of Struckman's sexual preferences with his ex-wife; specifically that Struckman had asked her to perform anal sex. Bridgett Lewis, Struckman's ex-wife and the mother of the victim, was asked whether Struckman had any sexual preferences when they were married. Struckman objected to this question relying on Rules 404(b) and 403. The objection was overruled and Lewis was allowed to answer.[2] Lewis replied that Struckman preferred her to be on top, straddling him. On appeal, Struckman does not complain about this answer. Instead, Struckman only complains about an answer to a later question: "…did he ever ask you to do anything else in a way of a sexual act?" Lewis answered that Struckman asked one time to perform anal sex. There was no objection to this question or the answer. Struckman's entire argument is based on this particular answer. Because there was no objection, any complaint Struckman has now is not preserved. TEX. R. APP. P. 33.1. His fourth issue is overruled.

## DISPROPORTIONATE SENTENCING

In his fifth and final issue on appeal, Struckman asserts that the trial court's imposition of consecutive sentences was cruel and unusual because it was disproportionate to the underlying offenses and Struckman was already sentenced to

---

[2] Struckman did not request a running objection to similar questions.

life in prison without the possibility of parole. The gross disproportionality principle reserves a constitutional violation for only the extraordinary case. *Lockyer v. Andrade*, 538 U.S. 63, 77 (U.S. 2003).

However, the record does not indicate that Struckman objected at trial to the imposition of consecutive sentences. Nor did he raise these arguments in a motion for new trial. Failing to object in the trial court to an alleged disproportionate sentence waives any error. *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Accordingly, Struckman's complaint is not preserved and is overruled. TEX. R. APP. P. 33.1.

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgments.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 5, 2011
Do not publish
CRPM