# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-10-00202-CR
---

**Philip Martin, Appellant**

**v.**

**The State of Texas, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-08-500185, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING
---

## O P I N I O N

A jury found appellant Philip Martin guilty of one count of continuous sexual abuse of a young child, six counts of sexual assault of a child, two counts of indecency with a child by contact, and three counts of indecency with a child by exposure. *See* Tex. Penal Code Ann. §§ 21.02, 21.11, 22.011 (West Supp. 2010). The trial court assessed punishment at fifty years' imprisonment for the continuous sexual abuse count, twenty years' imprisonment for each count of sexual assault and indecency by contact, and ten years' imprisonment for each count of indecency by exposure. With respect to the fifty-year sentence, appellant is not eligible for parole. *See* Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2010).

Appellant contends that the continuous sexual abuse statute violates the constitutional and statutory requirement of a unanimous jury verdict. He also asserts that the jury charge contained egregiously harmful error, and that his convictions on several counts are either without sufficient

evidentiary support or constitute double jeopardy. Finally, appellant challenges the constitutionality of the statute denying parole to persons convicted of continuous sexual abuse of a young child. We overrule these contentions and affirm the convictions.

**BACKGROUND**

The complaining witness, J.W., is appellant's stepdaughter. J.W. was born on January 27, 1994, and was fifteen years old at the time of trial. J.W. made her first outcry on April 10, 2008, when she was fourteen. At that time, she was living with appellant, her mother, and her four younger half-siblings.

J.W. testified that appellant began touching and penetrating her sex organ with his fingers when she was six years old. On occasion, appellant would penetrate her with a vibrator or dildo. When she was ten, appellant began to penetrate J.W.'s anus with his penis. When J.W. was twelve, appellant began to penetrate her sex organ with his penis. J.W. testified that appellant often bound her to her parents' bed while naked and spanked her with a wooden paddle. He would also bind her to a chair and put his penis in her mouth, often ejaculating. At least once, appellant gave J.W. an enema. J.W. testified that most of this conduct happened at night in her bedroom, her parents' bedroom, or the garage, while her mother was working.

J.W. testified extensively regarding appellant's abusive conduct during the 2006-07 school year, when she was in the sixth grade. She testified that during that school year, appellant touched her sex organ with his hand four or five times a week, penetrated her sex organ with his fingers two or three times a month, and penetrated her "butt" with his penis once or twice a week. He also licked her sex organ "[t]wo times a week; sometimes none." J.W. testified that appellant

2

repeatedly penetrated or caused her to penetrate her sex organ with a vibrator or dildo during this school year, once saying that this happened "at most two times a week" and later saying that it happened "[t]hree times a month probably." Appellant also asked J.W. to insert a dildo in his "butt" at least once during this school year. During this same time period, appellant had J.W. touch his penis and "[m]ake me go up and down." This happened "[a] lot more than once." J.W. testified that appellant stopped putting his penis in her mouth for a period of several months during 2006, but that he resumed this conduct in December 2006 and continued it for the remainder of the 2006-07 school year and throughout calendar year 2007, briefly stopping again in December 2007. J.W. stated that between December 2006 and December 2007, appellant put his penis in her mouth "[t]wo to three times a week. Sometimes not at all, though."

J.W. turned fourteen on January 27, 2008. She testified that at this time, appellant was "still doing those things" she had described. J.W. testified that between January 27, 2008 and her outcry in April 2008, appellant put his penis in her mouth four or five times a week and penetrated her sex organ with his penis more than once. She testified that during this time period, appellant also penetrated her sex organ with his fingers, licked her sex organ, touched the inside and outside of her "butt," and touched her "boobs," but she did not expressly state how often those acts occurred. Finally, J.W. testified that appellant asked her to insert a dildo in his "butt" at least once after she turned fourteen.

Dr. Beth Nauert, a pediatrician with expertise in child sexual abuse cases, examined J.W. following her outcry. Nauert briefly recounted statements made to her by J.W. that were

consistent with the child's testimony. Nauert testified that J.W.'s hymen was torn, which indicated penetration but did not indicate the manner of penetration. The doctor said that J.W.'s rectum appeared normal.

Other State witnesses testified to the circumstances surrounding J.W.'s outcry and described the course of the investigation. There was testimony regarding the discovery of two dildos in a dresser drawer at the family's residence. Investigators also found child pornography on appellant's computer, including a link to a web site featuring photographs of a young woman with the same first name as J.W.

The defense sought to undermine the credibility of J.W.'s testimony. For example, J.W. testified that appellant had on numerous occasions bound her to her parents' bed with straps stapled to the wooden bed frame. After the State introduced photographs of this bed, defense counsel cross-examined the sponsoring witness regarding the absence of staple marks in a number that would correspond to J.W.'s testimony, and the defense later offered testimony providing an alternative explanation for the staple marks that were present. The defense also introduced testimony challenging J.W.'s reputation for truthfulness.

**INDICTMENT**

Count one alleged that "on or about the 1st day of October, 2007 through the 26th day of January, 2008 . . . during a period that was 30 days or more in duration, [appellant] committed two or more acts of sexual abuse against [J.W.], a child younger than 14 years of age . . . ." *See id*. § 21.02(b) (elements of offense). The specific underlying acts of sexual abuse alleged to have been committed by appellant against J.W. during this time period were:

4

•indecency with a child by touching J.W.'s genitals

•indecency with a child by causing J.W. to touch appellant's genitals

•aggravated sexual assault by causing J.W. to touch appellant's anus

•aggravated sexual assault by contacting J.W.'s sex organ with his sex organ

•aggravated sexual assault by penetrating J.W.'s sex organ with his sex organ

•aggravated sexual assault by penetrating J.W.'s anus with an unknown object

•aggravated sexual assault by contacting J.W.'s sex organ with his mouth

•aggravated sexual assault by penetrating J.W.'s sex organ with his mouth

•aggravated sexual assault by penetrating J.W.'s mouth with his sex organ

•aggravated sexual assault by penetrating J.W.'s sex organ with his finger

•sexual performance by a child by inducing J.W. to engage in sexual conduct with appellant.

*See id*. § 21.02(c) (defining "act of sexual abuse"); *see also id*. §§ 21.11(a)(1), (c); 22.021(a)(1)(B), (2)(B); 43.25(a)(2), (b).

Counts two and three alleged that appellant sexually assaulted J.W. by contacting and penetrating her sex organ with his sex organ on or about April 5, 2008. *See id*. § 22.011(a)(2)(A), (C). Counts four and five alleged that appellant sexually assaulted J.W. by contacting and penetrating her mouth with his sex organ on or about April 5, 2008. *See id*. § 22.011(a)(2)(B), (E). Counts six and seven alleged that appellant sexually assaulted J.W. by contacting and penetrating her sex organ with his mouth on or about April 9, 2008. *See id*. § 21.011(a)(2)(A), (C).

Count eight was abandoned by the State.

5

The remaining counts alleged indecency with a child. Count nine alleged that appellant exposed his genitals to J.W. with the intent to arouse or gratify his sexual desire on or about April 5, 2008. *See id*. § 21.11(a)(2)(A). Counts ten and eleven alleged that appellant, with the same intent, caused J.W. to expose her genitals to him on April 5 and 9, 2008. *See id*. § 21.11(a)(2)(B). Counts twelve and thirteen alleged that appellant, with the same intent, touched J.W.'s breasts and genitals on or about April 5, 2008. *See id*. § 21.11(a)(1), (c)(1).

The jury returned guilty verdicts on all twelve submitted counts.

## JURY UNANIMITY

A person commits the offense of continuous sexual abuse of a young child if, during a time period of thirty or more days, that person commits two or more acts of sexual abuse against a child. *Id*. § 21.02(b)(1). At the time each act of sexual abuse is committed, the actor must be seventeen years of age or older, and the victim or victims must be younger than fourteen. *Id*. § 21.02(b)(2). An "act of sexual abuse" is an act that violates one or more specified penal laws, among them indecency with a child by contact, aggravated sexual assault of a child, sexual assault of a child, and sexual performance by a child. *Id*. § 21.02(c). A jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id*. § 21.02(d).

The trial court's jury charge included an instruction on unanimity consistent with section 21.02(d). In applying the law to the facts, the court authorized appellant's conviction for

6

continuous sexual abuse if the jurors unanimously found that he committed two or more of the alleged acts of sexual abuse, but the charge did not require the jurors to unanimously agree as to the specific acts appellant committed.

Appellant contends that by failing to require jury unanimity as to the specific acts of sexual abuse committed by the accused, section 21.02, both on its face and as applied to him in this case, violates the right to a unanimous jury verdict guaranteed by the United States and Texas constitutions and by Texas statute. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2010). For the same reason, appellant urges that section 21.02 denies due process and due course of law on its face and as applied to him. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

Appellant first raised the jury unanimity issue in his motion for new trial. The State urges that this was not timely and failed to preserve the issue for appeal. Whether or not the jury unanimity issue was preserved for appeal in this case, this Court has already upheld section 21.02 against a substantially identical challenge. *Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex. App.—Austin 2010, no pet.). In *Jacobsen*, we held that section 21.02 does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, but without requiring jury unanimity as to the individual acts that made up that course of conduct. *Id*. We also held that because the jury in that case (like the jury in this case) was required to unanimously find that the defendant committed two or more of the alleged acts of sexual abuse, the defendant's right to a unanimous jury verdict was not violated. *Id*.

7

Appellant acknowledges our holding in *Jacobsen*. He also acknowledges that other courts of appeals have concluded that section 21.02 does not violate the jury unanimity requirement. *See Reckart v. State*, 323 S.W.3d 588, 600-01 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 856-58 (Tex. App.—Dallas 2010, pet. ref'd); *Coker v. State*, No. 12-09-00331-CR, 2010 Tex. App. LEXIS 9740 (Tex. App.—Tyler Dec. 8, 2010, no pet.) (mem op., not designated for publication); *State v. Espinoza*, No. 05-09-01260-CR, 2010 Tex. App. LEXIS 4952 (Tex. App.—Dallas June 30, 2010, pet. ref'd) (not designated for publication). Appellant urges that *Jacobsen* and the other opinions were incorrectly decided and should be reconsidered.

We have considered appellant's arguments, which largely track the arguments raised by the defendant in *Jacobsen*. At appellant's urging, we have also considered the opinion of the Hawaii Supreme Court striking down that state's analogous continuous sexual abuse statute on jury unanimity grounds. *State v. Rabago*, 81 P.3d 1151 (Haw. 2003). The analysis in *Rabago* ultimately turned on an application of prior case law from that court, and not on the constitutional issues urged by appellant. Insofar as *Rabago* is inconsistent with our analysis in *Jacobsen*, we respectfully disagree with it. For the reasons stated in *Jacobsen*, we overrule issues two, three, and four.

## CHARGE

Appellant contends that the trial court erred by instructing the jurors in its charge:

With regard to the offenses of Continuous Sexual Abuse of a Young Child, Aggravated Sexual Assault of a Child, Sexual Assault of a Child and Indecency with a Child by Contact or Exposure, you are charged as a part of the law in this case that the [S]tate is not required to prove the exact dates alleged in the indictment but may

prove the offenses, if any, to have been committed at any time prior to the presentment of the indictment.

It is a longstanding rule that the State is not required to prove that an offense was committed on the date alleged in the indictment (whether or not the words "on or about" are used) but may prove that the offense was committed on any date prior to the return of the indictment and within the period of limitations. *See Klein v. State*, 273 S.W.3d 297, 304 n.5 (Tex. Crim. App. 2008); *Mireles v. State*, 901 S.W.2d 458, 464-66 (Tex. Crim. App. 1995) (Meyers, J., dissenting); *see also* 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 31.191 (2d ed. 2001). Appellant contends, however, that the trial court erred by instructing the jury that this rule applied to his prosecution for continuous sexual abuse of a young child.

Under the circumstances presented in this case, the State had to prove that the continuous sexual abuse offense alleged in count one was committed between September 1, 2007 and January 26, 2008. Section 21.02, defining the offense of continuous sexual abuse of a young child, became effective September 1, 2007, and it does not apply to an offense committed before that date. Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148. An offense is committed before the effective date of the statute if any element of the offense occurs before that date. *Id.* Further, section 21.02 applies only to the continuous sexual abuse of a child younger than fourteen. Penal Code § 21.02(b)(2). Thus, in order to lawfully convict appellant of continuous sexual abuse of a young child, the State had to prove that the period of abuse occurred between September 1, 2007, when the statute became effective, and January 27, 2008, J.W.'s fourteenth birthday. The indictment reflected this limitation, alleging that the period of abuse occurred between October 1, 2007 and January 26, 2008.

9

At trial, J.W. testified extensively regarding acts of sexual abuse committed by appellant beginning when she was six years old and continuing through the 2006-07 school year and calendar year 2007. J.W. testified that the conduct stopped briefly in December 2007, then resumed and continued until her outcry in April 2008. Appellant contends that by instructing the jury that the State was not required to prove the exact dates alleged but could instead prove that the offense was committed at any time prior to the presentment of the indictment, the court's charge permitted the jurors to convict him under count one based on the sexually abusive conduct shown to have occurred before the effective date of section 21.02 and after J.W. turned fourteen.

The error asserted by appellant does not lie in what the challenged instruction said, but in what the instruction failed to say. It was not incorrect to instruct the jurors that in a prosecution for continuous sexual abuse of a young child, the State is not bound to prove the exact dates alleged in the indictment. In this case, for example, the State was not required to prove that the period of abuse began on October 1, 2007 and ended on January 26, 2008, the dates alleged in count one. The State had only to prove that a thirty-day period of abuse occurred between September 1, 2007 and January 26, 2008. No error is presented if the trial court's charge qualified the instruction regarding the nonbinding nature of the alleged dates by otherwise informing or requiring the jury to find that the offense alleged in count one had to have been committed after September 1, 2007 and before January 27, 2008.

Appellant did not object to the charge. Thus, even if the claimed charge error is present, the error does not call for a reversal of the conviction unless it was so egregiously harmful under the circumstances as to have denied appellant a fair and impartial trial. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.

App. 1985) (op. on reh'g). Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). To determine if charge error was egregiously harmful, we examine the record as a whole, including the remainder of the charge, the evidence, including the contested issues and weight of the probative evidence, and the arguments of counsel. *Id.*

The State argues that the charge as a whole was correct because the application paragraph authorizing appellant's conviction under count one required the jury to find that the continuing sexual abuse occurred on or about October 1, 2007 through January 26, 2008. This argument is not responsive to appellant's contention, which is based on the trial court's instruction that the State was not bound by those dates. We must assume that the jurors read and understood the charge as a whole, and that they took the challenged instruction into account when reading the application paragraph. *See Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996).

We agree with the State, however, that the court's charge was otherwise adequate to assure that the jury did not convict appellant of continuous sexual abuse based on conduct occurring after J.W.'s fourteenth birthday. The court instructed the jury that the offense of continuous sexual abuse of a young child applies only to children younger than fourteen years of age. The application paragraph for count one required the jury to find that J.W. was younger than fourteen when the acts of abuse occurred. The jury knew from the evidence that J.W. turned fourteen on January 27, 2008. Thus, notwithstanding the court's instruction regarding the nonbinding nature of the dates alleged in the indictment, the jurors were required to find that the period of continuous sexually abusive

11

conduct occurred before J.W.'s fourteenth birthday in order to convict appellant under count one. Considered as a whole, the court's charge was not erroneous in this respect.

The problem remains that aside from the application paragraph, there was nothing in the court's charge that limited the instruction regarding the nonbinding nature of the alleged dates to specifically require the jurors to find that the period of continuous sexual abuse began on or after September 1, 2007, or that otherwise directed the jurors not to convict appellant under count one based on a finding of sexually abusive conduct prior to September 1, 2007. The State's closing jury argument echoed the jury charge:

> Now, the allegations in this case, the charges in this case are basically divided into two different time frames. Count one alleges continuous ongoing sexual abuse of a child, specifically [J.W.], at the hands of the defendant, Phillip Martin. Count 1 alleges the dates or the date range of October 1st 2007 through January 26th of 2008.
>
> As the court's charge reflects, the law is that the state does not have to prove the exact date or dates on which the conduct occurred. What the state does have to prove is that the conduct occurred at some point in time prior to the return of the indictment, which was June 30, 2008.
>
> Count 1 of state's indictment, the ongoing continuous sexual abuse of the child, alleges those dates that existed prior to [J.W.'s] 14th birthday. Counts 2, all the way to the end of the indictment, Count 13, counts 2 through court 13 allege dates of April 5, 2008 and April 9, 2008, which occurred or existed after [J.W.'s] 14th birthday.

This argument told the jurors that count one was concerned with continuous sexual abuse committed before J.W.'s fourteenth birthday, but it also reminded the jurors that the State was not required to prove the exact dates alleged. The argument failed to inform the jurors that count one did not encompass appellant's sexually abusive conduct before September 1, 2007.

The charge in this cause is analogous to the charge at issue in *Taylor v. State*, Nos. PD-0266-09, PD-0267-09, and PD-0268-09, 2011 Tex. Crim. App. LEXIS 326 (Tex. Crim. App. Mar. 9, 2011). The defendant in *Taylor* was charged by three separate indictments with aggravated sexual assault. The complainant testified to sexually assaultive conduct committed by the defendant both before and after the defendant's seventeenth birthday. *Id*. at *3. Although the indictments alleged that the offenses were committed on dates that followed the defendant's seventeenth birthday, the court's charge instructed the jurors that the State was not bound by the specific dates alleged and that they could convict the defendant if the offenses were committed at any time within the period of limitations. *Id*. at *9. Further, the charge did not contain a section 8.07(b) instruction; that is, the jurors were not told that the defendant could not be convicted for conduct committed before his seventeenth birthday. *Id*. at *4; *see* Tex. Penal Code Ann. § 8.07(b) (West Supp. 2010) ("a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age").

The court of criminal appeals held that under the circumstances, section 8.07(b) was law applicable to the case on which the trial court had a duty to instruct the jury even in the absence of a request or objection by the defendant. *Taylor*, 2011 Tex. Crim. App. LEXIS 326, at *12. The court concluded that the absence of a section 8.07(b) instruction, when combined with the evidence of the defendant's conduct while a juvenile *and* the instruction that a conviction could be based on any conduct within the limitations period, "resulted in inaccurate charges that omitted an important portion of the law applicable to the case." *Id*.

As in *Taylor*, given the evidence of appellant's sexually abusive acts prior to the effective date of section 21.02, the trial court's unqualified instruction that the dates alleged in the

13

indictment were not binding and that the State could prove that the offenses had been committed at any time prior to the return of the indictment "present[ed] the jury with a much broader chronological perimeter than is permitted by law" with respect to count one. *Id*. Both the United States and Texas constitutions prohibit ex post facto laws, and there can be few rights more valuable or more basic to our system of justice than that a person cannot be punished as a criminal for conduct that was innocent when done. *See Collins v. Youngblood*, 497 U.S. 37, 42-44 (1990); *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). This was law applicable to the case, and the trial court had a duty to instruct the jurors on its own motion that they were not permitted to convict appellant under count one for acts committed before September 1, 2007. We agree with appellant that the charge was erroneous in this respect.

We conclude, however, that the charge error was not egregiously harmful. Although the jury could not lawfully convict appellant for continuous sexual abuse based on his conduct prior to September 1, 2007, the jury could consider that conduct as circumstantial evidence of appellant's conduct between September 1, 2007 and J.W.'s fourteenth birthday. *See* Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 2010). Moreover, appellant's defense was that J.W.'s testimony was not credible and that no acts of sexual abuse occurred at any time. If the jurors believed J.W., and it is plain that they did, it is unlikely that they believed that appellant's sexually abusive acts stopped before September 1, 2007. Finally, there is a plethora of evidence to support a finding beyond a reasonable doubt that appellant committed two or more acts of sexual abuse against J.W. during a period of thirty or more days beginning on or after September 1, 2007 and ending no later than her fourteenth birthday. J.W. specifically testified that appellant penetrated her mouth with his penis as often as three times a week throughout calendar year 2007, except for the month of December. This

14

testimony alone is sufficient to support appellant's conviction under count one. Thus, the jurors could have lawfully convicted appellant for continuous sexual abuse of a young child even if they had been properly instructed not to base a conviction on his conduct prior to September 1, 2007.

Because the evidence of appellant's sexually abusive conduct before September 1, 2007 could be considered by the jury as circumstantial proof of his conduct after that date, because appellant did not seek to defend himself under count one on the ground that any continuous sexual abuse ended before September 1, and because there is legally sufficient evidence of appellant's sexually abusive conduct after September 1 to support his conviction under count one, we are satisfied that the charge error presented was not so egregiously harmful as to deny appellant a fair trial. Issue one is overruled.

## EVIDENCE SUFFICIENCY AND DOUBLE JEOPARDY

In eight issues, appellant contends that the evidence is legally insufficient to support his convictions under counts two, four, six, nine, ten, and eleven. Alternatively, appellant contends that his convictions under both those counts and counts three, five, seven, twelve, and thirteen constitute double jeopardy. Although the subject of double jeopardy was briefly discussed at the charge conference, the violations appellant complains of were first asserted in his motion for new trial. Because these double jeopardy claims were not raised at or before the time the charge was submitted to the jury, the violations must be apparent on the face of the record. *See*

*Gonzalez v. State*, 8 S.W.3d 640, 642-45 (Tex. Crim. App. 2000); *Duvall v. State*, 59 S.W.3d 773, 776-77 (Tex. App.—Austin 2001, pet. ref'd).[1]

Appellant bases these contentions on the opinions of this Court and the court of criminal appeals in *Patterson v. State*, 96 S.W.3d 427 (Tex. App.—Austin 2002), *aff'd*, 152 S.W.3d 88 (Tex. Crim. App. 2004).[2] In *Patterson*, the evidence showed that the defendant twice penetrated the complainant's anus with his penis. 96 S.W.3d at 432. Based on this conduct alone, the defendant was convicted of aggravated sexual assault by penetrating the child's anus with his penis, aggravated sexual assault by contacting the child's anus with his penis, indecency with a child by touching the child's anus, and indecency with a child by exposing the defendant's genitals. *Id*. at 431-32. We affirmed the defendant's convictions for aggravated sexual assault, holding that the two acts of penetration supported the convictions for penetrating and contacting the complainant's anus with his penis. *Id*. at 432. We reversed the defendant's convictions for indecency with a child, however, because the only exposure of the defendant's genitals and the only touching of the child's anus shown by the evidence were incident to the penetrations. *Id*. On those

---

[1] Appellant contends that in resolving his challenges to the sufficiency of the evidence, we must consider only the evidence of his conduct on or after January 27, 2008, J.W.'s fourteenth birthday. He urges that the evidence of his conduct before that date can only support his conviction for continuous sexual abuse of a child under count one. This is correct only with respect to appellant's conduct between September 1, 2007 and January 26, 2008. *See* Tex. Penal Code Ann. § 21.02(e) (West Supp. 2010). As discussed with respect to the jury charge, section 21.02 does not apply to conduct committed before September 1, 2007. Therefore, neither section 21.02(e) nor double jeopardy principles prohibit consideration of appellant's conduct prior to that date in support of his convictions under counts two through thirteen.

[2] We have since acknowledged error in our *Patterson* opinion, but not with respect to the holding on which appellant relies. *See Sledge v. State*, 262 S.W.3d 492, 496 (Tex. App.—Austin 2008, pet. ref'd).

facts, the acts of indecency were included within the sexual assaults, and the convictions for both aggravated sexual assault and indecency with a child constituted double jeopardy. *Id*. at 432-33. The court of criminal appeals affirmed this holding, stating that the legislature did not authorize "stop-action" prosecutions. 152 S.W.3d at 92. The court held that the touching and exposure had been subsumed within the penetrations of which they were an inherent part. *Id*.

Appellant argues that there is no evidence of contact between J.W.'s sex organ and his sex organ except as incident to the penetration of J.W.'s sex organ by his penis, no evidence of contact between J.W.'s mouth and his sex organ except as incident to the penetration of J.W.'s mouth by his penis, and no evidence of contact between J.W.'s sex organ and his mouth except as incident to the penetration of J.W.'s sex organ by his mouth. Appellant argues that in each instance, the contact was subsumed within the penetration of which it was a necessary incident. Therefore, he contends that there is no evidence to support his convictions for the sexual assaults by contact alleged in counts two, four, and six. Alternatively, and for the same reason, appellant contends that his convictions for both sexual assault by contact under those counts and the corresponding sexual assaults by penetration alleged in counts three, five, and seven constitute double jeopardy.

These arguments fail because the State proved that the penetrations alleged in counts three, five, and seven were committed repeatedly. Any one act of penetration supports appellant's conviction for sexual assault by penetration, while any other act of penetration supports appellant's conviction for sexual assault by the contact incident to the penetration. *See Patterson*, 96 S.W.3d at 432; *see also Barnes v. State*, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no pet.). Because the convictions for the penetrations alleged in counts three, five, and seven and the contacts alleged in

17

counts two, four, and six do not necessarily rest on the same conduct, there is no apparent double jeopardy violation. *See Patterson*, 96 S.W.3d at 432. Issues seven through twelve are overruled.

Appellant raises analogous contentions regarding his convictions for indecency with a child. He argues that the exposure of his genitals alleged in count nine and the exposures of J.W.'s genitals alleged in counts ten and eleven were subsumed within the touchings alleged in counts twelve and thirteen. Appellant contends that there is therefore no evidence to support his convictions for the exposures or, alternatively, that his convictions for both the exposures and the touchings constitute double jeopardy.

There is no evidence that appellant touched J.W.'s breasts with any part of his body other than his hands. Thus, contrary to appellant's argument, the exposure of his genitals alleged in count nine was not subsumed within the touching of J.W.'s breasts alleged in count twelve. The evidence also shows that appellant touched J.W.'s genitals with his hands. Thus, the exposure of appellant's genitals was not necessarily subsumed within the touching of J.W.'s genitals alleged in count thirteen. Appellant's contention that his convictions under counts nine, twelve, and thirteen constitute double jeopardy is without merit.

Appellant exposed his genitals each time he penetrated J.W.'s mouth, sex organ, or anus with his penis. For the reasons previously discussed, any one of those penetrations will support appellant's conviction for indecency by exposure under count nine. Similarly, appellant caused J.W. to expose her genitals each time he penetrated her sex organ with his penis or his mouth, and any two of those penetrations will support appellant's convictions for indecency by exposure under counts ten and eleven. And given the many acts of penetration shown, there is no apparent

18

double jeopardy violation because the convictions for sexual assault and for indecency with a child by exposure do not necessarily rest on the same conduct. Issues five and six are overruled.

## DENIAL OF PAROLE

In his final issue, appellant challenges the constitutionality of government code section 508.145(a), which provides that a person serving a sentence for continuous sexual abuse of a young child is not eligible for release on parole. Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2010). Appellant contends that on its face and as applied to him, this provision violates the constitutional guarantee of equal protection of the laws. U.S. Const. amend. XIV; Tex. Const. art. I, § 3.

Appellant does not contend that parole is a fundamental right or that persons convicted of continuous sexual abuse of children under fourteen constitute a suspect class. Therefore, we review section 508.145(a) to determine whether it is rationally related to a legitimate governmental purpose. *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 458 (1988); *Black v. State*, 26 S.W.3d 895, 897 (Tex. Crim. App. 2000). This standard of review is applied under both the federal and state equal protection clauses. *Combs v. STP Nuclear Operating Co.*, 239 S.W.3d 264, 275 (Tex. App.—Austin 2007, pet. denied).

Appellant contends that section 508.145(a) is irrational because it denies parole to a person convicted under section 21.02 but does not deny parole to a person convicted of the individual offenses defined as "acts of sexual abuse" under section 21.02(c), even if the victim was

a child younger than fourteen.[3] In this case, for example, if appellant had been directly convicted for two or more of the aggravated sexual assaults or acts of indecency by contact he was shown to have committed against J.W. when she was younger than fourteen, he would be eligible for parole. But because those offenses were instead alleged as "acts of sexual abuse" under section 21.02, he is ineligible for parole under the terms of section 508.145(a). In effect, appellant argues that the legislature could rationally deny parole to all persons convicted of a sex offense against a child younger than fourteen, but it could not rationally deny parole only to persons convicted of continuous sexual abuse of a child younger than fourteen.

Section 21.02 is unique in that it requires proof that the defendant engaged in a continuing pattern of sexual abuse against a child or children younger than fourteen. We believe that the legislature could rationally conclude that persons who have manifested such a pattern of sexually abusive behavior are particularly dangerous and should be ineligible for parole, while continuing to allow parole for those persons found guilty of individual sex offenses against young children. It is true, of course, that this statutory distinction is not perfect. A person who engages in a pattern of sexually abusive behavior that would constitute an offense under section 21.02 may nevertheless be tried and convicted only for one or more of the underlying offenses and thereby remain eligible for parole. But in determining whether a statute is rationally related to a legitimate governmental purpose, courts must be deferential to legislative determinations and may invalidate the statute only

---

[3] This is not entirely true. Section 508.145(a) also denies parole to a person convicted of aggravated sexual assault of a child and punished under section 22.021(f). Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2010); *see* Tex. Code Crim. Proc. Ann. art. 22.021(f) (West Supp. 2010) (enhancing punishment if victim was younger than six or if victim was younger than fourteen and certain aggravating circumstances are present).

if it draws a distinction that simply makes no sense. *Andrews v. State*, 47 S.W.3d 60, 66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). As the Supreme Court has noted:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some reasonable basis, it does not offend the Constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality. The problems of government are practical ones and may justify, if they do not require, rough accommodations— illogical, it may be, and unscientific. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*Dandridge v. Williams*, 397 U.S. 471, 485 (1970) (quotation marks and citations omitted).

We believe that there is a rational basis for the legislature to deny parole to persons convicted for continuous sexual abuse of a child but to allow parole to persons convicted of other sexual offenses against children younger than fourteen. Therefore, appellant's thirteenth and final issue is overruled.

The judgments of conviction are affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: March 16, 2011

Publish