**Opinion filed July 27, 2017**



# In The

# Eleventh Court of Appeals

_____

## No. 11-16-00014-CR

_____

## EARNIE LEE RANDELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 11915-D**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant of continuous sexual abuse of a young child and assessed his punishment at confinement for twenty-five years. The trial court sentenced him accordingly. On appeal, Appellant asserts that the trial court provided an erroneous jury charge that egregiously harmed him because it allowed the jury to convict him based on acts that occurred before September 1, 2007, which was the effective date of Section 21.02 of the Texas Penal Code, the continuous sexual abuse statute. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2016). We affirm.

## I. *Evidence at Trial*

The grand jury returned an indictment against Appellant for the offense of continuous sexual abuse of a child and alleged that Appellant had sexually abused his grandchildren, PSEUPRR and C.R.,[1] for several years. At trial, Appellant testified and denied the charges against him. Appellant claimed PSEUPRR had fabricated her claim of abuse. Appellant testified that the alleged inappropriate contact was wholly innocent and misunderstood. For instance, Appellant claimed that the incident that occurred in the garage was simply the result of a playful game, not abuse as alleged by PSEUPRR.

The jury heard evidence from the victims as well as PSEUPRR's mother, PSEUPRR's counselor, and Appellant's wife. The abuse of PSEUPRR began in 2005 and continued through 2012, while the abuse of C.R. began in 2011 and continued through 2013.

PSEUPRR testified that Appellant began to abuse her when she was five or six years old and that the abuse ended around the time she turned thirteen. She explained that Appellant sexually abused her in her grandparents' bathroom, bedroom, and garage. She could not recall the exact dates of these assaults. Instead, she relied on her age and important events to provide the jury with an approximation of the dates of the assaults, but she did tie some assaults to specific date ranges. For instance, in 2006, PSEUPRR's family moved to another home and she recalled that the sexual abuse began after that move. PSEUPRR testified that, during this time, Appellant abused her approximately three times a week. In 2008, PSEUPRR's parents took a vacation to Florida, and she stayed with her grandparents, during which time Appellant sexually assaulted her. Her family moved again in 2009, and she testified that the abuse occurred only a few times thereafter. The other victim, C.R., also struggled to recall specific dates because of her youth, but she did recall

---

[1]PSEUPRR and C.R. are pseudonyms used for the victims in this case.

specific acts of abuse and testified that Appellant's abuse began when she was either three or four years old.

PSEUPRR's mother recalled PSEUPRR's outcry. After PSEUPRR's outcry, Tatum Woodson counseled her. Woodson described how she worked with PSEUPRR to improve her mental state and ease the mental trauma caused by her abuse. Finally, Appellant's wife revealed that she had noticed that Appellant occasionally behaved suspiciously around PSEUPRR, but she never suspected sexual abuse until PSEUPRR made an outcry. She also revealed that some of Appellant's statements seemed to incriminate him. For example, Appellant pleaded with his wife to reconcile with him after PSEUPRR's outcry, and he cried and said, "God, what have I done?" Later in a similar exchange, Appellant's wife brought up PSEUPRR's allegations, and Appellant responded that "[t]here was no penetration; I didn't get in her pants."

## II. *Standard of Review*

We review claims of jury charge error under the two-pronged test set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). If a jury charge is erroneous, then a reviewing court must evaluate the harm caused by the error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If the defendant raised a timely objection to the erroneous charge, then only "some harm" is required for reversal; however, if a timely objection is not raised, then the record must show "egregious harm." *Almanza*, 686 S.W.2d at 171; *see Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008). To determine if the jury charge egregiously harmed the defendant, we examine the record as a whole, including the entire jury charge, the evidence, the contested issues, and the arguments of counsel. *Almanza*, 686 S.W.2d at 171; *Martin v. State*, 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd). Neither party has burden to show harm from jury charge error. *See Elizondo v. State*, 487 S.W.3d 185, 205 (Tex. Crim. App. 2016). The record must show that Appellant

3

suffered actual harm, not theoretical harm. *Ngo*, 175 S.W.3d at 750. Egregious harm exists if the error affects the very basis of the defendant's case, deprives him of a valuable right, or vitally affects a defensive theory. *Id.*

## III. *Analysis*

On appeal, Appellant asserts that the trial court gave an erroneous jury charge that allowed the jury to consider acts allegedly committed before they were illegal. A person commits the offense of continuous sexual abuse of a young child if, during a period of thirty or more days, the person commits two or more acts of sexual abuse. *See* PENAL § 21.02. Section 21.02 became effective on September 1, 2007, and acts of sexual abuse committed before that date cannot be used to support a conviction under Section 21.02. *Gomez v. State*, 459 S.W.3d 651, 660 (Tex. App.—Tyler 2015, pet. ref'd). A person cannot "be punished as a criminal for conduct that was innocent when done." *Martin*, 335 S.W.3d at 876. In addition, Texas law also provides that a trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case [and] not expressing any opinion as to the weight of the evidence." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "[T]he judge's duty to instruct the jury on the law applicable to the case exists even when defense counsel fails to object to inclusions or exclusions in the charge . . . ." *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). Thus, the judge may have to "*sua sponte* provide the jury with the law applicable to the case, under Article 36.14." *Id.*

### A. *The trial court's jury charge contained an erroneous instruction.*

Appellant alleges that the jury charge erroneously allowed jurors to convict him based on acts he allegedly committed prior to September 1, 2007. Specifically, the jury received the following instruction in the charge:

> You are furthered charged as the law in this case that the state is not required to prove the exact date alleged in the indictment but may

prove the offense, if any, to have been committed at any time prior to the presentment of the indictment.

The charge in this case uses language that has been held to be erroneous because it presented the jury with a "broader chronological perimeter" than the statute permits. *Martin*, 335 S.W.3d at 875–76 (quoting *Taylor*, 332 S.W.3d at 488). In *Gomez*, *Kuhn*, and *Martin*, our sister courts held that an instruction similar to the one given in the present case was erroneous. *Gomez*, 459 S.W.3d at 660; *Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd); *Martin*, 335 S.W3d at 874–75. Likewise, in this case, we hold that the instruction quoted above was erroneous.

### B. The trial court's error in the jury charge did not cause Appellant egregious harm.

Because Appellant did not object to the trial court's error in the jury charge, we apply the "egregious" harm standard, and will reverse only if the error functionally deprived him of a fair and impartial trial. *Kuhn*, 393 S.W.3d at 525. As we explain below, Appellant has not suffered egregious harm for three reasons. First, the trial court provided language that instructed the jury on the appropriate date range both before and after the erroneous portion of the charge. Second, during closing arguments, the State reminded the jury of the correct date range. And finally, on the contested issue of guilt, the State adduced overwhelming evidence that Appellant committed two acts of sexual assault on PSEUPRR and C.R. each, during a period of more than thirty days, after September 1, 2007.

#### 1. The trial court's appropriate instructions in other portions of the jury charge mitigated the harm caused by the erroneous instruction.

When we review the trial court's jury charge error, we note that although a portion of the charge may erroneously instruct a jury, language preceding or following it that instructs the jury of the correct date range can mitigate that harm.

5

*See Gomez*, 459 S.W.3d at 661; *Kuhn*, 393 S.W.3d at 529–30. In the present case, appropriate instructions preceded and followed the erroneous jury charge instruction, as follows:

> The state accuses the defendant of having committed the offense of continuous sexual abuse of a young child or young children. Specifically, the accusation is that the defendant did then and there, during a period that was thirty or more days in duration, to-wit: from on or about September 1, 2007 through August 26, 2015, when defendant, Earnie Lee Randell, was seventeen (17) years of age or older, committed two or more acts of sexual abuse . . . .

This instruction properly presented the correct date range because it did not attempt to charge Appellant with an act prior to the enabling date of Section 21.02 and thus mitigated the erroneous abstract portion of the jury charge. Likewise, in the application section of the charge, which closely followed the erroneous portion, the jurors were again instructed to consider the September 1, 2007 through August 26, 2015 time frame in making their determination. Specifically, the trial court instructed the jury that it must determine whether the State proved beyond a reasonable doubt that "the defendant, in Taylor County, Texas, during a period from on our about the 1st day of September, 2007 through the 26th day of August, 2015, committed two or more of the following alleged acts of sexual abuse."

Taken together, these two proper date instructions mitigate the harm caused by the erroneous portion and make it less likely that the jury improperly considered events prior to September 1, 2007, and, as a result, less likely that the jury charge egregiously harmed Appellant. *See Gomez*, 459 S.W.3d at 661 (holding that applicable language preceding erroneous portion of jury charge made egregious harm less likely); *Kuhn*, 393 S.W.3d at 529–30 (holding that the opening paragraph of the charge and the application paragraph immediately following the erroneous portion properly instructed the jury as to the relevant time frame and, thus, mitigated against a finding of egregious harm).

6

*2. The State reminded the jury of the applicable date range during closing argument.*

In its closing argument, the State emphasized the correct date range and did not encourage the jury to consider acts of sexual abuse that occurred prior to September 1, 2007. If the State reminds jurors of the correct date range during its closing argument, then that argument does not weigh in favor of a finding of egregious harm caused by the erroneous instruction. *See Gomez*, 459 S.W.3d at 662–63. In this case, the State repeatedly emphasized in closing arguments the effective date of the statute and told the jurors to find Appellant guilty for actions committed during that time frame. Specifically, the State said in closing:

> So between September 1 of 2007 through 2008, 2009, 2010, 2011, 2012, 2013, all of the evidence between [PSEUPRR] and [C.R.], you have to believe two. You have to find two. And were there more than two? There was a lot more than two. I mean, there was -- there was 25 a year, plus a few in 2010, plus more than one but less than ten during those years. Way more than two. But you have to find two.

The State did not in any way suggest that the jury should consider abuse that occurred before September 1, 2007. *See* PENAL § 21.02. This, coupled with the State's strong emphasis on the correct date range, makes it less likely that the jury charge egregiously harmed Appellant. *See Kuhn*, 393 S.W.3d at 531 (holding no egregious harm where State provided correct date range even though it emphasized long-term abuse and failed to distinguish evidence from outside the appropriate date range).

*3. On the contested issue of Appellant's guilt, the State adduced overwhelming evidence of Appellant's continuous sexual abuse of PSEUPRR and C.R.*

One factor that we review when we analyze whether Appellant has suffered egregious harm is the state of the evidence on the contested issue of guilt. *Almanza*, 686 S.W.2d at 171; *Martin*, 335 S.W. at 874. In cases similar to the present case, some of our sister courts have determined that overwhelming evidence of guilt

7

makes a finding of egregious harm less likely because it bolsters the jury's determination. *See Gomez*, 459 S.W.3d at 663; *Flores v. State*, No. 13-12-00606-CR, 2014 WL 1514129, at *6 (Tex. App.—Corpus Christi Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication); *Kuhn*, 393 S.W.3d at 529; *Martin*, 335 S.W.3d at 876. Both PSEUPRR and C.R. testified to numerous instances of abuse, over 100 instances for PSEUPRR over a period of approximately six years. Specifically, PSEUPRR recalled that the sexual abuse began after a move in 2006 and occurred three times a week. In 2008, Appellant sexually assaulted PSEUPRR while her parents were away on a vacation to Florida. In 2009, her family moved again, and the abuse occurred a few times thereafter.

Appellant's brief even acknowledges the "substantial evidence of guilt." For instance, Appellant's wife described how Appellant would wipe himself with a washcloth prior to sexual activity, and PSEUPRR described how Appellant would use a washcloth to touch and sexually assault her. And C.R.'s description of Appellant's sexual abuse largely matched PSEUPRR's description of sexual abuse. Finally, Appellant's wife also described an incident where she walked into the garage and startled Appellant and PSEUPRR, who was lying on her back on the freezer; PSEUPRR had testified about sexual abuse that occurred in the garage while she was lying on the freezer. Appellant claimed at the time that he was "blowing on her belly," but according to Appellant's wife, he "was just as nervous as he could be."

Although PSEUPRR recalled abuse that occurred prior to September 1, 2007, the vast majority of Appellant's sexual abuse of her happened after the enabling date of September 1, 2007, for Section 21.02. The sheer number of incidents described by PSEUPRR and C.R., who was born after September 1, 2007, significantly lessens the likelihood that the jury convicted Appellant of continuous sexual abuse because of acts that occurred prior to the effective date of Section 21.02. *See Gomez*, 459

8

S.W.3d at 663; *Flores*, 2014 WL 1514129, at *6; *Kuhn*, 393 S.W.3d at 528; *Martin*, 335 S.W.3d at 876.

## IV. *Conclusion*

We have carefully reviewed the whole record, including the entire jury charge, the closing arguments, the contested issues, and the state of the evidence, including the overwhelming probative evidence against Appellant. We hold that the trial court's charge error did not cause Appellant egregious harm because the error did not affect the very basis of the case, deprive him of a valuable legal right, or vitally affect a defensive theory so as to deny him a fair and impartial trial. We overrule Appellant's sole issue on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


July 27, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9