

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00166-CR

WILFORD EARL HALL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2016-87-C2 (Counts I - X), Honorable Matt Johnson, Presiding

January 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Wilford Earl Hall, Jr. was convicted by a jury of four counts of aggravated sexual assault of a child younger than fourteen,[1] five counts of sexual assault of a child younger than seventeen,[2] and indecency with a child younger than seventeen by sexual

---

[1] TEX. PENAL CODE ANN.§ 22.021(a)(1)(B) (West Supp. 2018).

[2] TEX. PENAL CODE ANN.§ 22.011(a)(2) (West Supp. 2018).

contact.[3]  Following the convictions, the jury sentenced appellant to life imprisonment for each count of aggravated sexual assault, twenty years imprisonment for each count of sexual assault, and twenty years imprisonment for indecency with a child.  On appeal, appellant contends the trial court committed jury charge error causing him egregious harm.  We will affirm the judgments.

## Background

Appellant was accused of sexually abusing his daughter, C.M., from age thirteen to fifteen.  C.M. was born in December 1993.  Appellant and C.M.'s mother separated when C.M. was eighteen months old.  She lived with her mother after the separation.  C.M. did not see appellant again until a few months before her fourteenth birthday in 2007, when she was sent to live with appellant.  At trial, C.M. testified that appellant sexually abused her the first day she arrived at his home and continued to abuse her regularly until she left in November 2009.

## Discussion

Appellant claims the trial court reversibly erred by submitting the following jury instruction: "the State is not bound to prove the exact date alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the filing of the indictment."  Appellant was indicted on January 20, 2016.  He argues the instruction eliminated the element of the victim's age from the charge because it allowed the jury to

---

[3] TEX. PENAL CODE ANN.§ 21.11(a)(1) (West Supp. 2018).

convict without finding that the sexual acts occurred when C.M. was younger than fourteen or seventeen. Appellant did not object to the purported charge error at trial.

## Standard of Review

We review alleged jury charge error using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). First, we determine whether a charge error occurred. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we evaluate whether the error resulted in harm sufficient for reversal. *Id.*

When we review a charge for alleged error, we examine the charge as a whole rather than as a series of isolated and unrelated statements. *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). The charge must contain an accurate statement of the law and set out all the essential elements of the offense. *Id.;* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The abstract paragraphs of the charge assist the jury to understand the concepts and terms used in the application paragraphs. *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). The application paragraphs of the charge apply the law to the alleged facts. *Vasquez v. State,* 389 S.W.3d 361, 366-67 (Tex. Crim. App. 2012). Thus, it is the application paragraphs of the charge, not the abstract portions, that authorize the jury to make the necessary findings for a conviction. *Crenshaw*, 378 S.W.3d at 466.

## Analysis

Considering the charge in its entirety, we find that it properly instructed the jury on the nonbinding dates alleged in the indictment and required them to find that each offense occurred before C.M. reached the applicable statutory age. For aggravated sexual

3

assault, the State was required to prove the sexual acts occurred before C.M. was fourteen. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(2)(B). For sexual assault and indecency with a child, the State was required to prove the sexual acts occurred before C.M. was seventeen. TEX. PENAL CODE ANN. §§ 22.011(a)(2), (c)(1); 21.11(a).

The charge begins by informing the jury of the allegations in the indictment. Appellant was indicted on four counts of aggravated sexual assault occurring on or about October 1, 2007, five counts of sexual assault occurring on or about November 1, 2008, and indecency with a child occurring on or about November 1, 2008. The charge then instructed the jury that these dates were not binding but the State could prove the offenses were committed before the filing of the indictment on January 20, 2016. This instruction is an accurate statement of the law as the "on or about" language of an indictment allows the State to prove a date other than the one alleged so long as the date is prior to the indictment. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).

Next, the application paragraphs for each offense set out the approximate date of the alleged abuse and the requirement that the jury find that the victim was younger than fourteen or seventeen when the abuse occurred. For counts one through four, the application paragraphs required the jury to find that the offense occurred "on or about the 1st day of October, 2007" when C.M. was "younger than fourteen (14) years of age" to find appellant guilty of the offense. The application paragraphs for counts five through ten required the jury to find that the offense occurred "on or about the 1st day of November, 2008" when C.M. was "younger than seventeen (17) years of age" to convict appellant.

4

Thus, despite appellant's claim, the jury instruction did not eliminate the element of the victim's age from the charge. The jurors were required to find that the abuse occurred before C.M.'s fourteenth birthday for counts one through four and that the abuse occurred before her seventeenth birthday for counts five through ten to convict appellant. Accordingly, we find that the court's charge did not contain error. *See Martin v. State,* 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd) (instruction did not create charge error where application paragraph required jury to find victim was younger than fourteen when offense occurred); *Siedl v. State*, No. 11-16-00258-CR, 2018 Tex. App. LEXIS 7291, at *9 (Tex. App.—Eastland Aug. 31, 2018, no pet.) (mem. op., not designated for publication) (holding same).

Finding no error, we need not consider whether appellant was harmed. Appellant's issue is overruled.

Conclusion

Having overruled appellant's sole issue, we affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.