**Reversed and Remanded and Opinion filed November 21, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00713-CR

**RAFAEL PEREZ-MANCHA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1496862**

## OPINION

A jury found appellant Rafael Perez-Mancha guilty of continuous sexual abuse of a child. The jury assessed his punishment at confinement for twenty-five years. From that conviction, appellant brings this appeal claiming the jury charge was erroneous. Because we agree there is error in the charge that created such harm that appellant was deprived of a fair and impartial trial, we reverse and remand.

## I.   Was there error in the charge?

Appellant's only issue contends the jury charge was erroneous. Specifically, appellant asserts the charge authorized the jury to convict him of the offense based on acts of sexual abuse committed before September 1, 2007, the effective date of the statute. The State concedes, and we agree, the charge was erroneous.

The opening paragraph of the charge stated:

> The defendant, Rafael Perez-Mancha, stands charged by indictment with the offense of continuous sexual abuse of a child alleged to have been committed on or about the 19th day of October 2006 continuing through the 19th day of October, 2012, in Harris County, Texas….

> In order to find the defendant guilty of the offense of continuous sexual abuse of a child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed….

Moreover, the application portion of the charge provided:

> Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, the defendant, Rafael Perez-Mancha, heretofore on or about the 19th day of October, 2006 continuing through the 19th day of October, 2012, did then and there unlawfully, during a period of time of thirty or more days in duration, commit at least two acts of sexual abuse against a child younger than fourteen years of age including an act constituting the offense of aggravated sexual assault of a child, committed against [the Complainant] on or about October 19, 2006, and an act constituting the offense of aggravated sexual assault of a child, committed against [the Complainant] on or about October 19, 2012….

The jury was instructed as follows in the abstract portion of the charge:

> You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had upon proof beyond a reasonable doubt that the offense, if any, was committed at any time

within the period of limitations. There is no limitation period applicable to the offense of continuous sexual abuse of a child.

You are further instructed that in deciding whether the defendant is guilty of the offense of continuous sexual abuse of a child, you are not to consider any conduct that occurred before October 19, 2006.

The charge wholly failed to include an instruction that the jurors were permitted to convict appellant of continuous sexual abuse of a child based only on acts of sexual abuse that were committed on or after September 1, 2007. Because the charge presented the jury with a "broader chronological perimeter" than the statute permits, it was erroneous. *See Martin v. State,* 335 S.W.3d 867, 876 (Tex. App.—Austin 2011, pet. ref'd); *see also Gomez v. State*, 459 S.W.3d 651, 660 (Tex. App.—Tyler 2015, pet. ref'd), *cert. denied¸*136 S. Ct. 1201 (2016); *Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd).

## II.     Was the error egregious?

Appellant acknowledges the error was not objected to and therefore reversal is required only if we find the error was so egregious and created such harm that he was deprived of a fair and impartial trial. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). We review the degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, counsels' arguments, and any other relevant information revealed by the trial record as a whole. *See Taylor v. State,* 332 S.W.3d 483, 489 (Tex. Crim. App. 2011); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *see also Villarreal v. State*, 453 S.W.3d 429 (Tex. Crim. App. 2015). Appellant must show he suffered actual rather than theoretical harm. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). For actual harm to be established, the error must have affected the very basis of the case, deprived the defendant of a valuable right, vitally affected a defensive theory, or made a case for conviction

clearly and significantly more persuasive. *Id; see also Taylor,* 332 S.W.3d at 490. "[W]e do not require direct evidence of harm to establish egregious harm." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

A.     The Entirety of the Jury Charge

The jury in this case was never correctly instructed on the applicable law. The opening paragraph of the charge, the application paragraph, and the abstract portion of the charge erroneously instructed the jury that it could convict appellant for acts committed prior to September 1, 2007. There was no limiting instruction that in order to convict appellant of the charged offense, the jury could only consider acts that occurred on or after September 1, 2007. The State agrees that this factor weighs in favor of finding the error in the charge was egregious.

B.     Arguments of Counsel and Other Relevant Information

During closing argument, the State emphasized the error in the charge:

And we talked a lot about in voir dire, in jury selection, on or about a certain date; and I think the evidence pretty well established that this abuse took place from 2006 to 2009. In here, on what I believe is the fourth, maybe the fifth page, it says, "You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged to have occurred in the indictment."

Because in this case there is no statute of limitations. So in this case if you believe that it took place after 2016 – November 19, 2006, excuse me, not '16 – 2006, that would suffice for that element that it's that date, the on or about date.

The indictment alleged the first offense occurred "on or about" a date eleven months before the statute went into effect. During voir dire, the State told the panel:

But let's go to on or about October 19th, 2006, continuing through October 19th, 2012. The reason it says on or about on there is because children aren't good at remembering dates, especially when they're 4 years old, 5 years old, 6 years old. Right? So the legislature has made

4

it a carve-out in these type of cases that as long as the offense took place before the charge was filed, that counts as on or about.

So if this charge was filed January 1, 2017, what I really have to prove to you is that it happened before that date. On or about is so wide that it is anything before this case was charged. . . . But, for example, if I proved to you, the jurors, that the defendant – and I'm not talking about Mr. Perez-Mancha in this case. I have to keep it hypothetical in jury selection – but in voir dire – in trial I prove to you that the defendant did commit aggravated sexual assault against a child and that was a year before October 19, 2006. Okay. That's still on or about. Does everybody understand that?

Additionally, the following exchange occurred during voir dire:

> [VENIREPERSON]: Just theoretically speaking, so there's evidence or testimony suggesting that the assault happened, let's say, October, 2004. Would that mean you did not prove that element in the case?

> [STATE]: Right. And I appreciate that somebody else has that question, and that's when on or about comes into play again. Right. As long as it's before the charge was placed, so before he was charged with this offense, the on or about comes into play. So in this case, yes, I would have proved that if you believed that it took place in 2004. Does that make sense?

> [VENIREPERSON]: Yeah.

The record does not reflect the jury was ever made aware that the statute was not in effect before September 1, 2007. The State repeatedly misinformed the jury that the dates the abuse occurred was irrelevant. *But see Kuhn*, 393 S.W.3d at 530-31 (concluding the State's closing argument weighed against a finding of egregious harm where the State directed the jury's attention to the effective date of the statute and the application paragraph which contained a correct statement of the law applicable to the case.); *Gomez,* 459 S.W.3d at 663 (same). The State agrees this factor weighs in appellant's favor. We conclude this factor weighs heavily in favor of finding the error in the charge was egregious.

5

C.    The State of the Evidence

Appellant acknowledges the defensive theory presented at trial was that the sexual abuse did not occur, not that it happened before September 1, 2007. Thus the specific issue relevant to the charge error in this case was not contested during trial. Appellant concedes this factor weighs against a finding of egregious harm. Since the dates did not vitally affect a defensive theory, we agree. *See Kuhn*, 393 S.W.3d at 528; *Martin*, 335 S.W.3d at 876; *Taylor*, 332 S.W.3d at 493.

### III.    Balancing the factors

The State relies upon the last factor to "trump" the others because there was sufficient evidence for the jury to infer two or more acts of sexual abuse occurred after September 1, 2007. *See Gomez,* 459 S.W.3d at 663; *Kuhn*, 393 S.W.3d at 529; *Martin*, 335 S.W.3d at 876.[1] We do not disagree that there was sufficient evidence to support such an inference and appellant does not claim otherwise. However, the cases relied upon by the State are distinguishable from the present case.

In *Gomez*, 459 S.W.3d at 661, the application paragraph correctly instructed the jury that it had to find beyond a reasonable doubt the defendant had committed two or more acts of sexual abuse from on or about September 1, 2007 through November 21, 2011. The opening paragraph of the charge also correctly instructed the jury. *Id*. The charge included a limiting instruction for offenses other than the

---

[1] The State also cites several unpublished cases for this proposition. *See Whitington v. State*, No. 08-13-00102-CR, 2015 WL 3653326, at *6–7 (Tex. App.—El Paso Apr. 24, 2015, pet. ref'd) (not designated for publication); *Flores v. State*, No. 13-12-00606-CR, 2014 WL 1514129, at *6 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication); *Oliver v. State*, No. 10-12-00389-CR, 2014 WL 1016244, at *8–9 (Tex. App.—Waco Mar. 13, 2014, no pet.) (mem. op., not designated for publication). But as the State points out in urging this court to ignore *Mendoza v. State*, No. 14-15-00537-CR, 2016 WL 3341107, at *6 (Tex. App.—Houston [14th Dist.] June 14, 2016, no pet.) (mem. op., not designated for publication), unreported decisions have no precedential value. Furthermore, *Whitington*, *Flores*, and *Oliver* are akin to *Gomez, Kuhn*, and *Martin* and distinguishable from the present case while *Mendoza* is not.

offense alleged in the indictment. *Id*. During voir dire, the State told the panel that it had to prove two or more acts between September 1, 2007, through November 21, 2011. *Id*. at 662. Additionally, in closing argument, the State directed the jury's attention to the effective date of the statute, the correctly-worded application paragraph, and also told the jury the State had to prove the defendant had sex with the complainant from September 1, 2007 through November 21, 2011. *Id*. The *Gomez* court concluded the entirety of the court's charge, argument of counsel, and other relevant information weighed against a finding of egregious harm. *Id*.

The court also concluded the state of the evidence weighed against a finding of egregious harm because the evidence at trial permitted the jury to infer that at least two acts of abuse occurred between September 1, 2007 through November 21, 2011. *Id.* In the case before us, the State relies solely upon this conclusion. Clearly, the facts in *Gomez* (that the charge was not wholly erroneous, as it was in this case, and that the State did not expressly misstate the law to the jury, as it did in this case), distinguish *Gomez* from the case at bar. The only similarity between *Gomez* and this case, that the jury could have inferred at least two acts of sexual abuse occurred after September 1, 2007, does not outweigh the facts that distinguish *Gomez* from this case— a charge that never correctly instructed the jury and repeated misstatements of the law by the State.

The same is true of *Kuhn*, 393 S.W.3d at 524. In *Kuhn*, only the abstract portion of the charge was erroneous. *Id.* The opening paragraph and the application paragraphs were correct. *Id*. at 529. The charge included a limiting instruction prohibiting the jury from considering the uncharged abuse for impermissible purposes. *Id*. at 531. The State did not misstate, but correctly explained, the law to the jury. *Id*. at 530. In voir dire and closing argument, the State directed the jury to the correct law applicable to the case. *Id*. at 530–31. The court concluded that from

the evidence, the jury could have reasonably inferred the defendant committed at two acts of abuse after September 1, 2007. *Id*. at 525. Again, *Kuhn* is distinguishable from the present case because the charge in *Kuhn* was not wholly erroneous, the charge included a limiting instruction, the State did not misstate the law, and the State correctly explained the applicable law to the jury. As in *Gomez,* these differences far outweigh a singular similarity.

In *Martin*, 335 S.W.3d at 867, the application paragraph was correct, but the charge included the same instruction in the abstract portion that was present in *Kuhn* and present in this case —that the State may prove the offenses that were committed before the date presented in the indictment. *Id*. at 874. In closing argument in *Martin*, the State emphasized that instruction in the charge. *Id*. at 875. The *Martin* court determined the error did not cause egregious harm because the jury could consider conduct occurring before September 1, 2007, as circumstantial evidence of the defendant's conduct after that date; the defensive theory was that the complainant was not credible and no acts of sexual abuse occurred at any time; the jurors clearly believed the complainant and therefore it was unlikely they believed the conduct stopped before September 1, 2007; and the evidence was legally sufficient to support a finding that two or more acts of abuse occurred during a thirty-day period after September 1, 2007. As in *Gomez* and *Kuhn*—but not this case—there were not repeated misstatements of the law applicable to the case by the State. We therefore conclude the state of the evidence does not weigh so heavily as to overcome a charge that was, in each and every respect, erroneous and accompanied by repeated misstatements of the law applicable to the case.

## IV.    Conclusion

We therefore conclude the jury charge error egregiously harmed appellant and sustain his issue. We reverse the trial court's judgment of conviction and remand this case to the trial court for further proceedings.

/s/      Margaret "Meg" Poissant
         Justice

Panel consists of Justices Christopher, Spain, and Poissant.

Publish — Tex. R. App. P. 47.2(b).