**AFFIRM; and Opinion Filed November 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-18-00132-CR
_____

**JOSE GUTIERREZ-MONTERO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1700393-T**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

Appellant Jose Gutierrez-Montero was convicted of continuous sexual abuse of a child younger than fourteen years of age and sentenced to forty-five years' imprisonment. On appeal, appellant claims that the jury charge improperly authorized a guilty verdict if the jury found that appellant sexually abused the complainant after her fourteenth birthday. We affirm.

## Background

The complainant, B.R., testified that in January of 2016, when she was thirteen years old, appellant, whom she considered to be her stepfather,[1] began having sexual contact with her. This

---

[1] Appellant and B.R.'s mother, Anna Ramirez, lived together for seven years and Anna testified that she considered him to be her husband. Appellant was not, however, the biological father of any of Anna's five children. Nor was it clear from the record that they had ever been lawfully married.

soon led to sexual intercourse which occurred on a regular basis, often three to four times a week, from January to August of 2016. Appellant told her not to say anything to her mother or he would do the same thing to her younger sisters.

B.R. turned fourteen on July 10, 2016.[2] In September of 2016, B.R. made outcry to her mother that appellant had been having sexual relations with her. B.R. believed she was pregnant because her last menstrual period had been on February 21, 2016, and she felt nauseous. Her pregnancy was medically confirmed. B.R.'s mother called the police.

Appellant admitted to an investigating detective prior to trial that he and B.R. had engaged in intimate relations on a regular basis beginning in February or March. At trial, appellant admitted some acts of sexual contact, though he denied that penetration had ever occurred. He admitted that he never used any form of protection. Appellant also testified that he never forced himself on B.R. or touched her against her will.

On November 20, 2016, B.R. gave birth to a baby girl. Subsequent DNA testing on B.R., appellant, and the baby included appellant as the baby's biological father. The DNA results established that it was "332 million times more likely that he (appellant) would be the father." Appellant did not deny paternity of B.R.'s baby.

### Continuous Sexual Abuse of a Child under Fourteen

A person commits the offense of continuous sexual abuse of a child under the age of fourteen if, during a period that is thirty or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each act, he is seventeen years of age or older and the victim is a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

---

[2] B.R.'s date of birth was July 10, 2002.

An "act of sexual abuse" is defined to include aggravated sexual assault under section 22.021. *See* TEX. PENAL CODE ANN. § 21.02(c) (4). The Penal Code identifies several alternative means of committing aggravated sexual assault, including intentionally or knowingly causing the sexual organ of a child to contact the sexual organ of the defendant. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii).

Although the exact dates of the abuse need not be proven, the offense requires proof that two or more acts of sexual abuse occurred during a period of thirty days or more. *See* TEX. PENAL CODE ANN. § 21.02(d); *Garner*, 523 S.W.3d at 271. The statute does not require that the jury agree unanimously on the specific acts of sexual abuse the defendant committed or the exact dates when those acts were committed. *See* TEX. PENAL CODE ANN. § 21.02(d); *see also Render v. State*, 316 S.W.3d 846, 856-858 (Tex. App—Dallas 2010, pet. ref'd). The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Garner*, 523 S.W.3d at 271.

### The Indictment

The indictment alleged that appellant did the following:

intentionally and knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against . . . (B.R.) . . ., a child younger than 14 years of age, hereinafter called complainant, namely by THE CONTACT OF THE COMPLAINANT'S FEMALE SEXUAL ORGAN BY THE DEFENDANT'S SEXUAL ORGAN.

In order to obtain a conviction under this indictment, the State had to prove that appellant had sexual contact with B.R. two or more times within a thirty day period and that B.R. was younger than fourteen at the time of those acts.

### The Jury Charge

At the conclusion of the guilt/innocence phase of the trial, the trial court instructed the jury as follows:

Our law provides that a person commits the offense of continuous sexual abuse of a young child if, during a period that is 30 days or more in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older *and the victim is a child younger than 14 years of age.*

\*

In order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. However, in order to find the defendant guilty of the offense of continuous sexual abuse of a young child, *you must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.*

\*

Now, bearing in mind the foregoing instructions, if you unanimously find from the evidence beyond a reasonable doubt that *on or about the 21st day of August, 2016,* in Dallas County, Texas, the defendant, JOSE GUTIERREZ-MONTERO, did then and there, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, intentionally or knowingly *commit two or more acts of sexual abuse against . . . (B. R.) . . ., a child younger than 14 years of age,* hereinafter called complainant, namely by the contact of the complainant's female sexual organ by the defendant's sexual organ, you will find the defendant guilty of continuous sexual abuse of a young child as charged in the indictment.

\*

You are instructed that the State is not bound by the date alleged in the indictment. *It is enough that the state prove that the offense was committed any time after September 1, 2007, but prior to the return of the indictment and before the complainant's 14th birthday.* The court has taken judicial notice of the fact that the date of the return of the indictment is May 31, 2017.

\*

Your verdict must be unanimous and shall be arrived at by due deliberation and not by majority vote or by any method of chance.

Appellant did not object to any of the trial court's instructions. On appeal, appellant claims

that the "on or about" language contained in the application paragraph – "on or about the 21st day

of August, 2016" – which was a date after the complainant's July 10, 2016, fourteenth birthday, authorized a conviction for acts committed by appellant against B.R. after her fourteenth birthday.

### *Analyzing Jury Charge Error*

In analyzing a claim of jury charge error, we must first determine if error exists. *See Almanza v. State*, 686 S.W.2d 157, 173–74 (Tex. Crim. App. 1985); *see also Price v. Stat*e, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If it does not, our inquiry ends. *See Price*, 457 S.W.3d at 440.

If, however, we find error in the charge, we next consider whether an objection to the charge was made and analyze the error for harm. Where, as here, appellant did not object to the charge, he is entitled to a reversal only if he suffered egregious harm as a result of the error. *Almanza,* 686 S.W.2d at 171. Egregious harm is established when the erroneous jury instruction affected the very basis of the case, deprived appellant of a valuable right, or vitally affected a defensive theory. *Id*.; *see also Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011).

### *"On or About" Date in Indictment and Jury Charge*

The primary purpose of specifying a date in the indictment is to show that the prosecution is not barred by the statute of limitations, not to notify the accused of the date of the offense. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998). The phrase "on or about," when used in an indictment, has been interpreted to mean any time that is before the presentment of the indictment and within the statute of limitations for the offense charged. *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000) (holding that the "on or about" language of an indictment allows the state to prove a date other than the one alleged as long as the date proven is anterior to the presentment of the indictment and within the statutory limitation period); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.02(6). The indictment was presented on May 31, 2017. The offense of

continuous sexual abuse of a child has no statute of limitations. TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(d).

### *The Jury Charge is Not Erroneous*

The issue in this case is not the use of the "on or about" language in the jury charge, but whether the trial court's charge sufficiently required the jury to find that two or more acts of sexual contact were committed within a thirty day period before July 10, 2016, the date on which B.R. turned fourteen.

The Austin Court of Appeals addressed a similar issue involving a jury charge on continuous sexual abuse of a child in *Martin v. State*, 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd). In that case, the trial court's charge included an instruction that the State was not required to prove the exact dates alleged but could instead prove that the offense was committed at any time prior to the presentment of the indictment. *Id*. at 875. The trial court also instructed the jury that the offense of continuous sexual abuse of a young child applies only to children younger than fourteen years of age. *Id.* at 874. The application paragraph required the jury to find that the complainant was younger than fourteen when the acts of abuse occurred. *Id.* The jury knew from the evidence the date on which the complainant turned fourteen. *Id.* The Austin Court of Appeals determined that the additional instructions and application paragraphs qualified the statement of the general rule that the State is not required to prove when the offenses were committed as long as they were committed before the indictment was presented. That court further held that the instruction did not erroneously permit the jury to find continuous sexual abuse of a child for conduct committed after the child reached fourteen years of age. *Id.*

In this case, the trial court instructed the jury that the offense of continuous sexual abuse of a child applies only to "a child younger than 14 years of age." The application paragraph required the jury to find that appellant committed two or more acts of sexual abuse against B.R.,

"a child younger than 14 years of age." The charge required the jury to find that the sexual contact occurred before B.R.'s "14th birthday," which the jury knew from the evidence was July 10, 2016. The trial court further clarified that it was enough for the State to prove that the offense was committed after September 1, 2007,[3] but prior to the return of the indictment, which was May 31, 2017, and before B.R.'s fourteenth birthday.

We conclude that the trial court's charge was adequate to insure that the jury did not convict appellant for conduct occurring after B.R.'s fourteenth birthday.

### No Egregious Harm

Even if we were to find error in the jury charge, we would not find egregious error.

To determine whether alleged jury charge error caused egregious harm, we look to the particular facts of the case and consider (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the arguments of the parties and (4) all other relevant information in the record. *Cosio*, 353 S.W.3d at 777.

#### The Entire Jury Charge

As we have stated above, our review of the entire charge shows that the trial court made it clear, several times, that the jury could only convict appellant for acts committed prior to B.R.'s fourteenth birthday.

#### The State of the Evidence

The state of the evidence reflects, as appellant admits in his brief to this Court, that his guilt was overwhelming. B.R. testified that appellant began abusing her in January of 2016, when she was thirteen. Her last menstrual period was in February of 2016. She turned fourteen on July 10,

---

[3] Section 21.02 of the Texas Penal Code, the operative statutory provision in this case, first became effective on September 1, 2007. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148; *see also Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd).

2016, and gave birth to a baby girl on November 20, 2016. She had to be at least four, if not five, months pregnant on her fourteenth birthday.

Additionally, B.R. testified that the abuse, which included sexual intercourse, began in January of 2016 and continued weekly, three or four times a week, until August of 2016. Prior to trial, appellant told the investigating detective that his relations with B.R. began in "January, February, March" of 2016 and occurred every Monday and Tuesday. At trial, appellant testified to only genital-to-genital sexual contact during the months of March, July, August, and September of 2016, but also stated that these acts occurred weekly, on Mondays and Tuesdays. The jury was entitled to believe from this testimony that sexual activity, including sexual contact as alleged in the indictment, occurred at least two or more times for a period over thirty days lasting from January of 2016 to July 9, 2016, when B.R. was thirteen years old.

*Arguments of the Parties*

During trial, the State addressed the law applicable to the "on or about" date multiple times. During voir dire, the prosecutor explained that the law does not require exact dates and asked whether any member of the venire would hold the prosecution to an exact date. During its case-in-chief, the prosecutor elicited specific testimony from B.R. that two more sexual acts occurred over a thirty day period before her fourteenth birthday. During closing argument, the State argued the following:

> So on or about. That is in the charge and we told you and the Judge just read it, it doesn't matter, the dates don't matter. We have to put it in there because the law requires that we have some period of time, but she said it and he said it and it went on and on. And when we talked over there I said no kid is probably . . . able to give you this date and this date, but we know it's more than 30 days. We didn't need to give it, he gave it. Every Monday and Tuesday, for months on end starting in March all the way to September.

Defense counsel, in urging that aggravated sexual assault of a child was a rational alternative to a verdict of continuous sexual abuse,[4] argued to the jury that the "the facts of conception cannot lie:"

> Now, people can get confused about dates. I don't think the nature or biology can lie. She had a child, the child was reasonably, with a large degree of medical certainty conceived on or about March 1 of 2016. So if you're gonna go back there and find this man guilty then the offense to consider is the Aggravated Sexual Assault of a child and that she was younger than 14 and that there was contact and that the contact resulted in a pregnancy.

> We can be confused about dates . . . I don't know if any of us are really that good on dates, but we know the conception, the facts of conception cannot lie.

Defense counsel's argument essentially conceded appellant's guilt, at least on the issue of aggravated sexual assault, and argued that March 1, 2016, a date when B.R. was still thirteen, was the appropriate time marker.

*Other Relevant Information*

There is no question in this case but that appellant was the father of B.R.'s baby girl. DNA testing established that it was "332 million times more likely" that appellant was the biological father of this baby. Appellant did not deny paternity. Indeed, the investigating detective testified that, when he told appellant that B.R. was pregnant, appellant "was surprised but like happy surprised. He even said he was happy." The detective testified that he had never before seen that reaction.

---

[4] The jury was also charged on the lesser included offense of aggravated sexual assault of a child as follows:

> If you unanimously find and believe from the evidence beyond a reasonable doubt that on or about the 1st day of March 2016, in Dallas County, Texas, the Defendant, Jose Gutierrez-Montero, intentionally or knowingly caused the contact of the female sexual organ of . . . (B. R.) . . ., a child younger than 14 years of age, by his sexual organ, you will find him guilty of Aggravated Sexual Assault as included in the indictment.

Appellant testified that he was happy about B.R.'s pregnancy. He wanted children and B.R.'s mother had not given him a child.

We conclude that the record fails to reflect egregious error in the jury charge. We overrule appellant's issue.

## **Conclusion**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

180132F.U05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JOSE GUTIERREZ-MONTERO,
Appellant

No. 05-18-00132-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1700393-T.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of November, 2018.